IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MIREYA VALENZUELA, as Next Friend of Z.E. and A.E. | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: 3:24-cv-05075-MDH |
| TRAVIS OSTERMAN and CITY OF WEBB CITY, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 18). Defendants have filed their suggestions in support (Doc. 19), Plaintiff has filed her suggestions in opposition (Doc. 29), and Defendants have responded (Doc. 31). The matter is now ripe for adjudication on the merits. For the reasons stated, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This case stems from the death of Aller Escobar-Velasquez ("Decedent") based on an alleged confrontation with Defendant Travis Osterman. Plaintiff Mireya Valenzuela brings two counts of wrongful death based a theory of 42 U.S.C. § 1983 liability. Plaintiff is the mother and next friend of Z.E. and A.E., minors under the age of 14, and the only children of Decedent. Defendant Osterman was a police officer of Webb City, Missouri. Defendant Webb City ("City") is a municipal corporation organized and existing under the laws of the State of Missouri.

1

On August 5, 2021, Defendant Osterman was alleged to be dispatched to 818 East Fountain Rd, Webb City, Missouri to investigate a possible incident of illegal dumping. Defendant Osterman approached Maquier Escobar-Velasquez ("Escobar-Velasquez"), the brother of Decedent. Escobar-Velasquez allegedly told Officer Osterman his name, that Decedent owned the land, and that he had permission to discard construction materials on the land. Defendant Osterman then allegedly asked for identification to which Escobar-Velasquez refused. Escobar-Velasquez then allegedly phoned Decedent to come to the scene and interpret for him as Escobar-Velasquez did not have a good command of the English language.

Defendant Osterman allegedly attempting to handcuff Escobar-Velasquez as Decedent arrived at their location which led to a physical altercation between Escobar-Velasquez and Officer Osterman. Officer Davy Blair began to assist Officer Osterman to detain Escobar-Velasquez. Decedent allegedly attempted to pull the officer off Escobar-Velasquez and caused himself and Defendant Osterman to fall to the ground. Defendant Osterman then attempted to use his taser on Decedent and in the process shocked himself. It is alleged Defendant Osterman then withdrew his service weapon and shot Decedent severing his femoral artery causing him to bleed to death. Plaintiff now brings the current action seeking one count of wrongful death premised under a 42 U.S.C. § 1983 theory of liability against Defendant Osterman and one count against Defendant Webb City, Missouri.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants argues the Court should grant its Motion to Dismiss arguing that Plaintiff has failed to properly plead any cause of action against Defendant Osterman and the Amended Complaint constitutes only an improper "shotgun" pleading. Defendants further argue that Defendant Osterman has official immunity. Defendants argue the count against the City should be dismissed because the City has sovereign immunity. Additionally, a municipality may not be held vicariously liable for the unconstitutional acts of its employees and Plaintiff has not shown that the alleged unconstitutional acts of Defendant Osterman resulted from an unconstitutional municipal policy or custom. Finally, Plaintiff has not factually alleged that the City knew that its training procedures were inadequate and likely to result in a constitutional violation. The Court will take each argument in turn.

I. **Officer Travis Osterman**

   a. **Shotgun Pleading**

3

Defendants argue that Plaintiff has failed to properly plead any cause of action against Defendant Osterman and the Amended Complaint constitutes only an improper "shotgun" pleading. Specifically, Defendant argues that Plaintiff attempts to assert a generalized claim under 42 U.S.C. § 1983 without differentiating which right or privilege that she alleges was violated. Plaintiff argues that the Amended Complaint alleges a Fourth Amendment violation by excessive use of force which is sufficient for a 42 U.S.C. § 1983 claim.

Shotgun pleading describes more than one type of pleading practice. Relevant to this action is the type of shotgun pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Moore v. Compass Grp. USA, Inc.*, No. 4:18-CV-01962-SEP, 2022 WL 4598558, at *10 (E.D. Mo. Sept. 30, 2022) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "Shotgun Pleading is especially problematic when pleading numerous causes of action[] with substantially different elements," because such complaints "shift onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. *Id*. (quoting *Sagez*, 2015 WL 1647921, at *4).

Plaintiff's Amended Complaint does not represent shotgun pleading. "The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the [defendants] acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Ochoa v. Joplin Police Dep't*, No. 3:17-05266-CV-RK, 2018 WL 1975692, at *1 (W.D. Mo. Apr. 26, 2018) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Here, Plaintiff's Amended Complaint alleges "Defendant Travis Osterman was a police officer of defendant city of Webb City at all times mentioned in this Petition." (Complaint ¶ 4). "Officer Osterman then withdrew his service weapon and shot Aller Escobar-Velasquez."

4

(Complaint ¶ 18). Plaintiff further alleges that Defendant Osterman deprived the Decedent "of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the decedent under the Fourth Amendment to the United States Constitution which included the right to be free from excessive force when being arrested." (Complaint ¶ 23). Plaintiff's Amended Complaint does not allege any other constitutional deprivation and thus shotgun pleading is not present within the face of the Amended Complaint. For the reasons stated, Defendants' Motion to Dismiss Count I – Liability of Defendant Travis Osterman based on shotgun pleading is **DENIED**.[1]

### b. Official Immunity

Defendants next argue that Defendant Osterman is protected by official immunity and thus the claims against him should be dismissed. Plaintiff argues that state official immunity does not apply in cases under 42 U.S.C. § 1983. Additionally, Plaintiff argues that he has pled facts that establish that Defendant Osterman is not entitled to qualified immunity.

Individuals sued in their personal capacities may assert two types of immunity from suit in a 1983 action; absolute immunity and qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). Qualified immunity protects government officials from incurring civil liability as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). To overcome the shield of qualified immunity, a plaintiff's claim must state a violation of a clearly established federal right, and that right must have been clearly established at the time of the violation. *Id*; *see also Nord v. Walsh County*, 757

---

[1] This Court finds no allegation of state law tort liability in Plaintiff's Complaint. If Plaintiff insists on such a claim an amended complaint will be required.

F.3d 734, 738 (8th Cir. 2014). Under either prong of the inquiry, the district court "may not resolve genuine disputes of fact" relevant to the issue of qualified immunity. *Id*. (quoting *Tolan v. Cotton*, 572 U.S. ----,----, 134 S.Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (per curiam). Immunities that may be available under state law do not apply to 1983 claims, even if the plaintiff asserts those claims in state court. *Howlett v. Rose*, 496 U.S. 356, 376 (1990).

Here, Plaintiff is correct that official immunity is not applicable in a wrongful death action when suing under a theory of 1983 liability. Defendant Osterman may claim qualified immunity so long as his conduct does not violate clearly established statutory or constitutional rights of which a reason person would have known. Plaintiff sufficiently pleads that Defendant Osterman is not entitled to qualified immunity at this stage of the litigation. Plaintiff alleges that Defendant Osterman violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution which included the right be free from excessive force when being arrested. (Complaint ¶ 23). Plaintiff further alleges that right was clearly established at the time of Decedent's death. (Complaint ¶ 24). Plaintiff has sufficiently raised a right above a speculative level for the purposes of a motion to dismiss to defeat a claim of qualified immunity at this stage of the litigation. For the reasons stated, Defendants' Motion to Dismiss Count I – Liability of Defendant Travis Osterman based on official immunity is **DENIED**. Defendants' Motion to Dismiss Count I – Liability of Defendant Travis Osterman based on qualified immunity is **DENIED**.

### City of Webb County, Missouri

a. **Sovereign Immunity**

Defendants argue that the City is entitled to sovereign immunity on Plaintiff's Amended Complaint because Plaintiff's claims do not state a basis for municipal liability. Specifically, Defendants argue that the Amended Complaint alleging the City carries liability insurance that covers the claim raised by Plaintiff is a conclusory allegation that should not work to defeat sovereign immunity. Plaintiff argues its claim that the City carries liability insurance is sufficient to waive the defense of sovereign immunity.

There is no immunity available to local governments sued under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989). Section 1983 liability for a constitutional violation may attach to a municipality if the constitutional violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Id.* Deliberate indifference requires proof that a municipal actor disregarded a known or obvious consequence of their action. *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011).

Here, Defendant Webb City is not entitled to sovereign immunity. Plaintiff is suing Defendant City on a wrongful death claim on an underlying theory based on 42 U.S.C. § 1983. Plaintiff has alleged "[t]he conduct of the City of Webb City … deprived the decedent … of his right to be secure in his person against unreasonable searches and seizure as guaranteed … under the Forth Amendment to the United States Constitution." (Complaint ¶ 34). Specifically, Plaintiff has alleged the City "was aware that its officers were not properly trained in the use of force because there was a pattern of excessive use of force by officers of the Webb City Police Department." (Complaint ¶ 32). Defendant has brought a claim of wrongful death based on a 42 U.S.C. § 1983 action and to the extent Defendant Webb City seeks to invoke sovereign immunity

it is not available under Section 1983. For the reasons stated, Defendants' Motion to Dismiss Count II – Liability of Defendant City of Webb City based on sovereign immunity grounds is **DENIED**.

### b. 42 U.S.C. § 1983 – Negligent Failure to Train

Defendants argue that Plaintiff's claims do not state a basis for municipal liability. Specifically, Defendants argue that the law requires specific allegations of incidents of improper use of force to state a claim for negligent failure to train which Plaintiff has failed to do. Plaintiff argues that the City was aware that its officers were not properly trained in the use of force due to a pattern of excessive force of use by officers.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Id*. To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contract." *Id*. (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989)). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. *Id*. (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997)). "[c]ontinued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action necessary to trigger municipal liability." *Bd. of Cnty. Comm'rs of*

*Bryan Cnty., Okl v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997) (quoting *City of Canton, Ohio v. Harris*, at 390, n. 10, 109 S.Ct., at 1205, n. 10).

Here, Plaintiff alleges that Webb City "was aware that its officers were not properly trained in the use of force because there was a pattern of excessive use of force by officers of the Web City Police Department." (Complaint ¶ 32). Plaintiff also alleges Webb City acted with deliberate indifference to the safety of Decedent and other citizens in that it either had no policy implementing a use of force continuum or it failed to assure that Defendant Travis Osterman and other officers were properly trained to follow an appropriate use of force continuum. (Complaint ¶ 33). Plaintiff has failed to factually allege a pattern of similar constitutional violations or continued adherence to an approach they know or should know has failed to prevent tortious conduct. Plaintiff states conclusory that Webb City was aware that its officers were not properly trained in the use of force but point to no other facts that would give rise to this inference outside the current action. Plaintiff does not point to any other suits, studies, or any other factual allegations that would trigger municipal liability. Plaintiff has failed to allege facts that would raise her right to relief above a speculative level. For the reasons stated, Defendants' Motion to Dismiss Count II – Liability of Defendant City of Webb City on a failure to train theory is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within 14 days of this Order to include factual allegations regarding how Webb City was aware that its officers were not properly trained in the use of force.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motion to Dismiss Count I – Liability of Defendant Travis

Osterman based on shotgun pleading is **DENIED**. Defendants' Motion to Dismiss Count I – Liability of Defendant Travis Osterman based on official immunity or qualified immunity is **DENIED**. Defendants' Motion to Dismiss Count II – Liability of Webb City based on sovereign immunity is **DENIED**. Defendants' Motion to Dismiss Count II- Liability of Webb County based on a failure to train theory is **SUSTAINED WITHOUT PREJDICE**. Plaintiff is granted leave to file an amended complaint within 14 days of this Order to include factual allegations regarding how Webb City was aware that its officers were not properly trained in the use of force.

**IT IS SO ORDERED.**

Date: March 25, 2025

                                                       */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**